UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Keagan R. Allen,

              Plaintiff,

                                        12 Civ. 8024 (NSR)

      - against -                     **Memorandum & Order**

Troy Antal; Howard Dorner; David
Goodman, Esq., Steven Levine, Esq.; Thomas
Angell, Esq.; Dutchess County Public Defender's
Office; Bradford Kendall; Dutchess County;
And Del Atwell,

              Defendants.
----------------------------------------------------------------X

**NELSON S. ROMÁN, United States District Judge:**

      Before the Court is Defendant Del Atwell's motion for reconsideration of this Court's Memorandum and Order of March 13, 2014, which granted in part and denied in part his motion to dismiss plaintiff's third amended complaint for failure to state a claim. (Docket No. 132 or the "March Order"). Familiarity with the March Order is assumed. Del Atwell ("Atwell") contends that the Court erred in denying his motion to dismiss Plaintiff's common law legal malpractice claim.

### STANDARD ON A MOTION TO RECONSIDER

      Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed.R.Civ.P. The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. *Targum v. Citrin Cooperman & Conipany, LLP*, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). They are "addressed to the sound discretion of the district court[.]" *Mendell ex*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2014

1

*rel. Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for ... presenting the case under new theories ... or otherwise taking a 'second bite at the apple ....'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'") (quoting *Polsby v. St. Martin's Press,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.,* 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.,* Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

Atwell moved for reconsideration on June 3, 2014. Atwell's motion for reconsideration reiterates his motion to dismiss Plaintiff's legal malpractice claim. Because Atwell fails to point to any "controlling decisions ... that might reasonably be expected to alter the conclusion reached by the court," *Shrader,* 70 F.3d at 257, the Court finds Defendants' contention to be without merit.

Defendants should be reminded that in resolving a motion to dismiss, the Court must "construe the Complaint liberally, accepting all factual allegations in the Complaint as true, and

drawing all reasonable inferences in plaintiff['s] favor." *Galiano v. Fid. Nat'l Title Ins. Co.,* 684 F.3d 309, 311 (2d Cir. 2012). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

At the pleading stage, the Court finds questions of fact that cannot be resolved as to Atwell's argument that he performed his duties as Plaintiff's attorney. While Plaintiff pleads that Atwell did not notify him that the Appellate Division vacated his conviction, Atwell argues that he mailed the Appellate Division decision to Plaintiff's civilian address. On a motion to discuss, the Court accepts as true Plaintiff's allegation that he never received the Appellate Division decision. Atwell's motion for reconsideration argues that Plaintiff's failure to receive notice of his appellate decision "has no causal connection to his conviction." (Def. Mem. at 7.) However, Plaintiff's conviction is not the source of the damages at issue. As Plaintiff concedes, "legal services rendered as to the underlying conviction were effective." (Pl. Opp. Mem. at 6.) Rather, Plaintiff's alleged damages stem from his reincarceration for a parole violation after his conviction was vacated. Atwell has not shown that his action or omission was not the proximate cause of Plaintiff's continued parole after the Appellate Division vacated his conviction.

In sum, Atwell has not met the "heavy burden of demonstrating that the Court 'overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" *WestLB AG v. BAC Florida Bank*, 912 F.Supp.2d 86, 95 (S.D.N.Y. 2012) citing *Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 250 (S.D.N.Y. 1999). Contrary to Plaintiff's contention (Pl. Opp. Mem. at 8), Atwell's recourse is not to appeal the March Order because denial of a motion to dismiss is not a final judgment. *Tannenbaum v. Corbis Sygma*, No. 02–CV–

5066, 2002 WL 31778813, at *2 (S.D.N.Y. Dec. 12, 2002) ("denial of a motion to dismiss at the pleading stage" is "not a final judgment on the merits"). After discovery, Atwell will have the opportunity to move for summary judgment on Plaintiff's legal malpractice claim against him.

## CONCLUSION

In conclusion, the Court denies Atwell's motion for reconsideration. The Clerk of Court is direct to close Docket No. 144.

Plaintiff may file his motion to enter partial judgment with the following briefing schedule: moving papers to be served by July 21, 2014; opposition papers to be served by August 19, 2014; and reply to be served by September 2, 2014. All motion papers to be filed on September 2, 2014.

Dated: June 3, 2014
       White Plains, New York

                              SO ORDERED:

                              _____ 6/3/14
                              NELSON S. ROMÁN
                              United States District Judge