UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEAGAN R. ALLEN,

        Plaintiff,

-against-

TROY ANTAL, *et al.*,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2015

12 Civ. 8024 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Keagan R. Allen ("Plaintiff," or "Allen") commenced the instant action alleging, *inter alia*, constitutional law claims arising under 42 U.S.C. §§ 1983 and 1985 against various Dutchess County[1] and New York State employees,[2] as well as legal malpractice[3] claims against the County Defendants who are attorneys and against co-defendant Del Atwell ("Defendant," or "Atwell"). Following motion practice, the Court dismissed all claims asserted by Plaintiff except the legal malpractice claim asserted against Atwell. (*See* Mem. & Order, ECF No. 132.)

  Before the Court is Defendant Atwell's motion pursuant to Federal Rules of Civil Procedure 12(c) for judgment on the pleadings or, in the alternative, for summary judgment pursuant to Rules 12(d) and 56. For the following reasons, Defendant's motion is GRANTED and summary judgment is GRANTED in Defendant Atwell's favor.

---

[1] Defendants David Goodman, Esq.; Steven Levine, Esq.; Thomas Angell, Esq.; Dutchess County Public Defender's Office ("DCPDO"); Bradford Kendall; and Dutchess County (collectively, the "County Defendants")
[2] Defendants Troy Antal and Howard Dorner (collectively, the "State Defendants")
[3] Plaintiff similarly asserted claims for breach of fiduciary duty which were duplicative of the legal malpractice claims. The Court dismissed these claims as well. (*See* Mem. & Order at 35, ECF No. 132.)

## BACKGROUND

### I. Factual Background

The following facts are taken from Plaintiff's Third Amended Complaint ("TAC") and the submissions by the parties on the instant motion, and are not in dispute unless otherwise noted.

Plaintiff's lawsuit stems from an alleged illegal vehicle stop in Dutchess County conducted by New York State Troopers on June 22, 2007, which resulted in the discovery of a firearm, ammunition, and other contraband. (TAC ¶¶ 27-28.) Plaintiff was arrested, prosecuted, convicted following a guilty plea, and ultimately sentenced to a period of three and one-half years incarceration, to be followed by three years of post-release supervision ("PRS"). (TAC ¶¶ 29-39.) Allen appealed. (TAC ¶ 41.) He was eventually released to the supervision of the New York State Division of Parole on September 17, 2010, having completed his sentence. (TAC ¶ 49.)

On November 4, 2010, the Appellate Division relieved Plaintiff's previously-assigned appellate counsel and assigned Defendant Atwell to handle the appeal. (TAC ¶ 50.) Atwell filed his opening brief with the Second Department on February 14, 2011. (TAC ¶ 51.) On November 1, 2011, the Appellate Division vacated Allen's judgment of conviction. (TAC ¶ 52.) *See also People v. Allen*, 89 A.D.3d 742, 932 N.Y.S.2d 142 (2d Dept., 2011). On or about November 16, 2011, the Dutchess County Clerk received a certified copy of the Appellate Division's order reversing the judgment of conviction and ordering that the indictment be dismissed. (TAC ¶ 54.) Plaintiff alleges that he was not notified that his conviction had been reversed, and he continued to serve his PRS term. (TAC ¶ 55.) The People applied for leave to appeal the Appellate Division's order to the Court of Appeals; the Court of Appeals granted the request on January 30, 2012. (TAC ¶ 56.) *See also People v. Allen*, 18 N.Y.3d 888 (2012).

On or about February 29, 2012, Plaintiff failed a drug test, in violation of the terms of his PRS. (TAC ¶ 57.) He was arrested by the Division of Parole and on April 12, 2012, admitted to the violation of his PRS terms. (TAC ¶¶ 57, 60-61). Five days after the hearing in which he admitted to the violation of PRS, Plaintiff was released from the Dutchess County Jail and enrolled in an inpatient drug treatment program. (TAC ¶¶ 61-63.)

Plaintiff's retained parole defense counsel discovered on August 7, 2012, that Plaitniff's judgment of conviction had been reversed. (TAC ¶ 64.) He contacted the Clerk of Court for the Court of Appeals and learned that the Dutchess County District Attorney had never perfected the appeal, so he sought dismissal of the abandoned appeal. (TAC ¶ 65.) On August 8, 2012, the Court of Appeals dismissed the People's appeal *sua sponte* for failure to prosecute pursuant to §500.16(a) of the court's Rules of Practice. (TAC ¶ 66.) *See also People v. Allen*, 19 N.Y.3d 993 (2012)). On or about August 9, 2012, Plaintiff's retained attorney filed a motion in the Dutchess County Court seeking termination of Allen's post-release supervision. (TAC ¶¶ 67.) On August 28, 2012, Plaintiff's term of PRS was terminated. (TAC ¶¶ 68-69.)

Plaintiff alleges that he was unjustifiably incarcerated and/or under the control of the state corrections and parole services due at least in part to professional malpractice by Atwell. Specifically, Plaintiff avers that Atwell, after prevailing in the appeal of Plaintiff's conviction, failed to notify Plaintiff and the appropriate governmental entities of the reversal and dismissal of the conviction, and that these delays in notifying law enforcement agencies following the successful appeal postponed his release from custody and freedom from governmental control. (*See* TAC ¶¶ 134-147.)

## II.     Procedural History

Plaintiff initiated this action on November 1, 2012. (*See* Compl., ECF No. 1.) On November 5, 2013, Plaintiff filed his third amended complaint, alleging claims against the

3

various defendants in the instant case for false arrest, search and seizure, false imprisonment, malicious prosecution, abuse of process, assault and battery, unjust conviction, and conspiracy pursuant to 42 U.S.C. §§ 1983 and 1985, as well as state law claims for legal malpractice, breach of fiduciary duty, negligence, and violations of the New York Civil Rights Law and the New York state constitution. (*See generally* TAC, ECF No. 95.) The various defendants moved, pursuant to Rule 12(b)(6), to dismiss the TAC in February 2014. (*See* Defs.' Mot. Dismiss, ECF Nos. 99, 107, 128.) By Memorandum and Order dated March 13, 2014, the Court dismissed all claims asserted by Plaintiff except the legal malpractice claim against Defendant Atwell. (*See* Mem. & Order, ECF No. 132.) Defendant Atwell moved for reconsideration of the Court's Order on June 3, 2014. (*See* Def.'s Mot. Recons., ECF No. 144.) The Court denied Defendant's motion for reconsideration. (*See* Mem. & Order, ECF No. 148.)

Defendant now moves for judgment on the pleadings pursuant to Rule 12(c), and/or to convert his Rule 12(c) motion into a Rule 56 motion for summary judgment as prescribed by Rule 12(d), asserting there is no genuine dispute of material fact and Defendant is entitled to judgment on Plaintiff's legal malpractice claim as a matter of law.

## APPLICABLE STANDARDS ON THE INSTANT MOTION

### I.     Rule 12(c) and Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki,* 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Cleveland v. Caplaw*

4

*Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(b)(6).

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation omitted). Courts may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## II.    Rule 12(d) and Conversion to Summary Judgment

Conversely, when documents are included on a motion to dismiss that do not fall into these categories, "a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment . . . and afford all parties the opportunity to present supporting material." *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Accordingly, a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, as long as the Court gives "sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052 (2d Cir. 1995). Ordinarily, formal notice is not required where a party "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to

5

meet facts outside the pleadings." *Villante v. Dep't of Corrections of City of New York,* 786 F.2d 516, 521 (2d Cir. 1986) (internal quotation marks omitted) (quoting *In re G. & A. Books, Inc.,* 770 F.2d 288, 295 (2d Cir. 1985)). *Hernandez v. Coffey,* 582 F.3d 303, 307 (2d Cir. 2009).

As Defendant has presented matters outside the pleadings, which the Court does not exclude, and because Plaintiff was timely apprised of the possibility that this motion could be treated as a motion for summary judgment and has had the opportunity to present supporting material, the Court hereby treats Defendant's motion as one for summary judgment.

### III. Rule 56 and Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. The Rule states, in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also meet its initial burden that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B); *Hill v. Melvin*, No. 05 Civ. 6645, 2006 WL 1749520, at *4 (S.D.N.Y. June 27, 2006) ("The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on an issue on which the non-movant has the burden of proof."); *Fuertado v. City of New York*, 337 F. Supp. 2d 593, 599 (S.D.N.Y. 2004) ("The moving party may use a memorandum or brief to 'point to' the absence of evidence and thereby shift to the nonmovant the obligation to come forward with admissible evidence supporting its claim.").

If the moving party fulfills its preliminary burden, the onus shifts to the non-movant to prove or raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A). The party asserting that a fact is genuinely disputed must identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56); *Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 244 (S.D.N.Y. 2001). The non-movant must support their assertion by "citing to particular parts of materials in the records" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))). Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013); *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*,

604 F.3d 712, 720 (2d Cir. 2010) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249; *see also Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) ("The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact."). Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250

## DISCUSSION

**I.     Legal Malpractice Standard**

In order to prove a claim for legal malpractice under New York law, a plaintiff must establish: (1) an attorney-client relationship, (2) attorney negligence, (3) that the attorney's negligence is the proximate cause of plaintiff's loss or injury, and (4) actual damages. *See Decker v. Nagel Rice LLC*, No. 09 Civ. 9878 (SAS), 2010 WL 2346608, at *3 (S.D.N.Y. May 28, 2010); Hoffenberg v. Meyers, No. 99 Civ. 4674, 2002 WL 57252 (S.D.N.Y. 2002) (plaintiff must show "that an attorney-client relationship existed, that a duty was owed, that there was a wrongful act or omission which was the proximate cause of the damages, and the measure of those damages."); Brooks v. Lewin, 21 A.D.3d 731, 734-35 (N.Y. App. Div. 2005) ("An action for legal malpractice requires proof of three elements: (1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages."). To establish negligence, a plaintiff must show that the attorney's conduct "fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession." Decker, No. 09 Civ. 9878 (SAS), 2010 WL 2346608, at *3. To establish the proximate cause and actual damages elements, a plaintiff must show that "but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome." *Id*.

8

## II.     Proximate Cause

Regardless of whether Atwell was negligent, Plaintiff's legal malpractice claim fails because he cannot show that Atwell's actions (or failure to act) proximately caused his damages.

"The rule in a legal malpractice action is that a plaintiff must demonstrate not only that actual damages have been sustained, but also that counsel's negligence was the proximate cause of the loss." *Zarin v. Reid & Priest*, 184 A.D.2d 385, 387 (N.Y. App. Div. 1992) (citing *O'Brien v. Spuck*, 99 A.D.2d 910, 911 (N.Y. App. Div. 1984)). "To prove the proximate cause element, 'a plaintiff must demonstrate that but for the attorney's negligence, she would have prevailed in the underlying matter or would not have sustained any ascertainable damages.'" *Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC*, 599 F. Supp. 2d 355, 359 (E.D.N.Y. 2009) (quoting *Brooks*, 21 A.D.3d at 734); *Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp. 2d 203, 209 (S.D.N.Y. 2010) ("[T]he plaintiff must show that but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome." (internal quotations omitted)); *Dawson v. Schoenberg*, 129 A.D.3d 656, 657-58 (N.Y. App. Div. 2015). "A failure to establish that an attorney's conduct proximately caused harm requires dismissal of the malpractice action, regardless of whether the attorney was in fact negligent." *Stonewell Corp.*, 678 F. Supp. 2d at 211-12 (collecting cases); *Decker*, No. 09 CIV. 9878 (SAS), 2010 WL 2346608, at *3; *Law Practice Mgmt. Consultants, LLC*, 599 F. Supp. 2d at 359.

This case involves a unique set of circumstances in that Plaintiff is not alleging that Defendant Atwell was negligent in his representation of Plaintiff during the underlying criminal proceedings, but rather that Atwell's failure occurred after he actually secured a reversal of Plaintiff's conviction, when he allegedly failed to notify Plaintiff that his conviction was vacated and failed to follow up to ensure that his rapsheet was cleared. What Plaintiff fails to note, however, is that Plaintiff's own actions and the actions of other non-parties were intervening

causes responsible for the injury that he suffered.

"Where the record in a professional malpractice case demonstrates that an intervening cause was responsible for the injury, summary judgment will be granted to the defendant." *Brooks*, 21 A.D.3d at 734-35; *see also Hoffenberg v. Meyers*, No. 99 Civ. 4674 RWS, 2002 WL 57252, at *4 (S.D.N.Y. Jan. 16, 2002) *aff'd as modified*, 64 F. App'x 288 (2d Cir. 2003) *order amended and superseded*, 73 F. App'x 515 (2d Cir. 2003) *and aff'd as modified*, 73 F. App'x 515 (2d Cir. 2003) (dismissing malpractice claim where plaintiff's plea, not defendant's representation, proximately caused plaintiff's damages); *D.D. Hamilton Textiles v. Estate of Mate*, 269 A.D.2d 214, 215 (N.Y. App. Div. 2000) (malpractice claim against accountant dismissed where proximate cause of injury was plaintiff's own financial distress); *Phillips–Smith Specialty Retail Group II, L.P. v. Parker Chapin Flattau & Klimpl, L.L.P.*, 265 A.D.2d 208, 210 (N.Y. App. Div. 1999) (malpractice claim dismissed where connection between plaintiff's injuries and alleged malpractice was purely speculative); *Senise v. Mackasek*, 227 A.D.2d 184, 185 (N.Y. App. Div. 1996) ("[T]he record establishes the damages sustained by plaintiff in that action were proximately caused by plaintiff's own conduct in violating . . . the New York State Insurance Law . . ., rather than due to any legal malpractice on the part of defendants as appellate counsel.").

Here, the damages that Plaintiff alleges in the TAC—his arrest for violating the terms of his supervised release, his re-incarceration, the costs of the drug treatment program he attended, etc.—were proximately caused by intervening actions, or failures to act, on the part of Plaintiff and other non-parties, rather than by any negligence on the part of Atwell as his attorney. Plaintiff cannot show that "but for" Atwell's alleged failure to fulfill his duties to his client, he would not have been arrested for violating his release terms and made to suffer other consequent

injuries. One intervening cause is Plaintiff's own conduct, in failing the drug test and admitting to the violation of the terms of his post-release supervision. (*See* TAC ¶¶ 57, 61.) More important, however, is the intervening cause of the trial court clerk's failure to notify the division of criminal justice services and clear Plaintiff's rapsheet. (*See* TAC ¶¶ 54-55.) New York law provides that:

> Upon the termination of a criminal action or proceeding against a person in favor of such person . . ., the record of such action or proceeding shall be sealed and the clerk of the court wherein such criminal action or proceeding was terminated shall immediately notify the commissioner of the division of criminal justice services and the head of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding shall be sealed.

N.Y. Crim. Proc. Law § 160.50; *see also People v. Allen*, 89 A.D.3d 742, 742 (N.Y. App. Div. 2011) ("ORDERED that the judgment is reversed, on the law, . . . the indictment is dismissed, and the matter is remitted to the County Court, Dutchess County, for the purpose of entering in its discretion pursuant to CPL 160.50"). Thus, it is undisputed that it was the clerk of the trial court who bore the responsibility of notifying the division of criminal justice services and appropriate law enforcement agencies that the action had been terminated in Plaintiff's favor, and it was the clerk's ultimate failure to do so that serves as an intervening cause of Plaintiff's damages. Regardless of whether Defendant had notified Plaintiff of the final disposition of his case, in accordance with his responsibilities as appellate counsel, the clerk's failure to notify the division of criminal justice services breaks any proximate cause link between Defendant's alleged failure to notify Plaintiff and Plaintiff's damages. Plaintiff's damages are not a "direct or reasonably foreseeable result of [Defendant's] conduct." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Secs. LLC*, 568 F.3d 374, 381 (2d Cir. 2009); *see Fin. Freedom Senior Funding Corp. v. Bellettieri, Fonte & Laudonio, P.C.*, 852 F. Supp. 2d 430, 437-38

(S.D.N.Y. 2012) ("[I]t is well-established that one element of proximate causation is foreseeability."). Explained another way, it is the clerk's failure to act that is the true "but for" cause of Plaintiff's injury, not Atwell's alleged negligence.

It may well be the case that Defendant Atwell was negligent in his representation of Plaintiff or in failing to fulfill certain post-appeal duties; this remains an open question based on the record before the Court at this time. However, Plaintiff's failure to establish proximate causation, or any questions of material fact that remain in dispute as to proximate causation, dooms his claim regardless of Atwell's negligence or lack thereof. *See D'Jamoos v. Griffith*, 340 F. App'x 737, 739-40 (2d Cir. 2009) ("Although Griffith's representation of D'Jamoos raises concerns, . . . plaintiff has failed to put forth evidence that would permit a rational fact-finder to conclude that Griffith's conduct proximately caused damages to plaintiff."); *Law Practice Mgmt. Consultants, LLC*, 599 F. Supp. 2d at 359 ("At this stage, construing the complaint in the light most favorable to the Plaintiffs, the Court is willing to accept the fact that [Defendant] may have been negligent . . . . However, the Plaintiffs' legal malpractice claim necessarily fails as a matter of law because they cannot establish proximate causation.").

The parties' arguments as to the remaining elements of Plaintiff's legal malpractice claim against Atwell have been rendered academic in light of this Court's determination that Plaintiff has not raised a triable issue of fact as to the proximate cause element of his claim.

## CONCLUSION

For the foregoing reasons, Defendant Atwell's motion is granted and summary judgment is granted in favor of Defendant. The Clerk is directed to terminate the motion at Docket No. 187 and to enter judgment accordingly.

Dated: September 4, 2015
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge